**Opinion filed May 16, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00048-CR

_____

## JAIME TELLEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39128**

## M E M O R A N D U M   O P I N I O N

Appellant, Jaime Tellez, pleaded guilty before the jury to two counts of sexual assault of a child and one count of indecency with a child. The jury found Appellant guilty of each count, assessed punishment for each sexual assault conviction at confinement for twelve years and a $10,000 fine, and assessed punishment for the indecency-with-a-child conviction at confinement for eleven

years and a $10,000 fine. The trial court ordered the sentences to run consecutively. We affirm.

Appellant presents two issues for review. In his first issue, Appellant contends that he was denied effective assistance of counsel at trial because trial counsel failed to call any witnesses or present any mitigating evidence at the punishment phase of trial. In the second issue, Appellant contends that his sentence, which totals thirty-five years after being stacked, constitutes cruel and unusual punishment.

In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In order to assess counsel's performance, we must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508–09 (Tex. Crim. App. 1991). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The appellate record in the present case does not contain sufficient information to affirmatively demonstrate trial counsel's ineffectiveness. Although Appellant filed a motion for new trial, the effectiveness of his counsel was not addressed in that motion. Nothing in the record before us shows that the effectiveness of trial counsel was addressed prior to the filing of the brief on appeal. Appellant has not shown what witnesses he thinks should have been called to testify on his behalf or what mitigating evidence he thinks should have been presented by trial counsel. Nor has Appellant shown that any such witnesses were available, that their testimony would have been beneficial to Appellant, or that any mitigating evidence even exists. Furthermore, nothing in the record before us indicates what trial counsel did or what he failed to do with respect to his investigation of any mitigating evidence. *Cf. Wiggins v. Smith*, 539 U.S. 510 (2003) (holding counsel in capital punishment case ineffective based on failure to conduct more thorough investigation into mitigating evidence where record before the Court—from a postconviction proceeding—included mitigating evidence and counsel's testimony).

The record does show that trial counsel discussed the State's plea offer with Appellant, which Appellant rejected. Trial counsel filed an application for probation and a request for sentencing by a jury. Furthermore, trial counsel conducted voir dire; cross-examined the detective who had interviewed Appellant; presented the jury with stipulated evidence showing that Appellant had not previously been convicted of a felony and was eligible for probation; made a closing argument that addressed the strict requirements of probation, which "requires more of somebody than just sitting in a jail cell"; and argued against the State's motion to cumulate the sentences. Appellant chose not to testify.

Based on the record before us, we cannot say that trial counsel's performance fell below an objective standard of reasonableness. The record before

us does not contain sufficient information to affirmatively demonstrate trial counsel's ineffectiveness. *See Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 813–14. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court's "imposition of a 35-year sentence for sexual assault of a child constitutes cruel and unusual punishment." The record shows that Appellant received sentences of twelve years, twelve years, and eleven years in the three counts for which he was convicted and that the trial court ordered the sentences to run consecutively. The cumulation of Appellant's sentences was authorized by TEX. PENAL CODE ANN. § 3.03(b)(2) (West Supp. 2012).

Appellant has not preserved his contention for appeal. To preserve a complaint for appellate review, the party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a)(1); *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Appellant did not object below that his sentences constituted cruel and unusual punishment, nor did he raise any such claim in a post-verdict motion filed with the trial court. Appellant's second issue is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT

May 16, 2013                                             CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4